IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND, DIVISION

| | |
|---|---|
| REBECCA MICHALSKI, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. |
| GC SERVICES, LP, | ) 3:08CV 422 |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, REBECCA MICHALSKI, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., complaining against the Defendant, GC SERVICES, LP, and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

### PARTIES

3. Plaintiff, Rebecca Michalski, ("Plaintiff"), is an individual who was at all relevant times residing in the City of South Bend, State of Indiana.

4. At all relevant times herein, Defendant, GC Services, LP, ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Sallie Mae.

1

5. Defendant is a corporation that has its principal place of business and its offices located in the State of Texas.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. GC SERVICES, LP

6. In March of 2008, Plaintiff began receiving telephone calls from Defendant attempting to collect a debt allegedly to Sallie Mae.

7. Defendant began contacting Plaintiff at her place of employment either directly or on her cellular telephone during business hours a few times a week.

8. After Plaintiff advised Defendant that she was not allowed to receive personal calls at her place of employment, the calls came with more frequency, as often as five times per week.

9. In said conversations, Defendant told Plaintiff that if she did not set up a payment plan of $241.00 per month, Defendant would garnish Plaintiff wages.

10. In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

    a. Communicated with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. § 1692c(a)(3); and

    b. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the

debt collector or creditor intends to take such action in violation of 15 U.S.C. § 1692e(4).

11. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, REBECCA MICHALSKI, by and through her attorneys, respectfully prays for judgment as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00 for Plaintiff;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

Respectfully Submitted,
REBECCA MICHALSKI

By: _____
Attorney for Plaintiff

Larry P. Smith
Larry P. Smith & Associates, Ltd.
205 N. Michigan Ave., 40th Floor
Chicago, IL 60601
Ph.   (312) 222-9028
Fax   (312) 602-3911
e-mail lsmith@lpsmithlaw.com

3